PER CURIAM.-
S.M. (“Father”) appeals the trial court’s final judgment for involuntary termination of his parental rights to T.H. (“Child”). Child was born on July 8, 2001. Early in 2003, Father was involuntarily committed after being found not guilty by reason of insanity on a homicide charge. Father has been continuously institutionalized since then except for a brief period of conditional release that was terminated in 2006.
Child was first sheltered in 2004 and then re-sheltered multiple times beginning in 2011. The trial court entered an adjudication of dependency in April of 2011. At that time, the trial court found that Father stipulated to being incapable, due to his institutionalization, of caring for Child. Since then, Child has moved through various foster care and familial placements. Several of these placements have been terminated by the caregivers due to Child’s behavior. As of the time of a social study report filed late in 2015 — four years after the initial dependency — Child had finally begun monthly supervised visits with Father at the state hospital. This consists of one to two hours of monthly contact and occasional written correspondence.
The mother, after proper notice, failed to attend the trial on termination of parental rights.[1] The testimony at trial indicated that Father needed ongoing hospitalization as well as medication, which he .refused to lake. The testimony further indicated that Father would not be considered for release due to his record of aggression and a determination that he was a threat to himself and others, possibly including children.[2] Father was diagnosed with schizoaffective disorder-bipolar type and paranoia, and was deemed uncontrollably unstable, even in the hospital setting.[3]
Child’s proposed adoptive caretaker testified that Child had been at her home on prior occasions, was staying with her family at the time of trial, fit in well with them, and got along great with her children. She was aware of his history,, his needs, *983 and the difficulties he had with prior placements, and she testified that these things would not prevent her from adopting Child.
The trial court granted the Department of Children and Families’ petition for termination of parental rights. There were multiple statutory grounds properly found, by the trial court as a basis for termination of Father’s parental rights. We affirm the final court’s findings and ruling, with the exception of the trial court’s termination of Father’s parental rights pursuant to section 39.806(l)(e), Florida Statutes (2015). That subsection provides for termination when a case plan has been filed and: (1) “the child continues to be abused, neglected, or abandoned”; (2) the “parents have materially breached the plan”; or (3) “the parents have not substantially complied with the case plan so as to permit reunification.” § 39.806(l)(e), Fla. Stat. The petition for termination of parental rights alleged only the mother’s failure to comply with this statutory provision. Accordingly, we affirm the termination of parental rights; we remand, however, for entry of an amended final judgment striking the reference to termination of Father’s parental rights under section 39.806(l)(e), Florida Statutes.
AFFIRMED; REMANDED for entry of amended final judgment.
TORPY, COHEN and WALLIS, JJ., concur.

. The mother’s parental rights were also terminated, and she has not challenged the termination,

. Father was quite .disruptive through the course of the trial.

. Although Father is institutionalized rather than incarcerated, there is no reasonable prospect of his release from confinement.